SEAN M. ULRICH (SBN 309838)
sean@mgllaw.com
MGL LLP
5777 W. Century Blvd., Ste. 1125
Los Angeles, CA 90045
Telephone: (424) 333-9570

Attorneys for DashNet, B.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re 17 U.S.C. § 512(h) Subpoena to<br><br>GITHUB, INC. | **Case Number**:<br><br>**DECLARATION OF SEAN M. URLICH IN SUPPORT OF PETITIONER DASHNET, INC. REQUEST TO THE CLERK FOR ISSUANCE OF SUBPOENA PURSUANT TO 17 U.S.C. § 512(h), TO IDENTIFY ALLEGED INFRINGERS** |

I, SEAN M. ULRICH, declare as follows:

1.  I am an attorney and Senior Counsel with MGL LLP, legal counsel of DashNet, B.V. ("**DashNet**"), and authorized to act on their behalf. As part of our firm's representation of DashNet, we are responsible for monitoring and addressing infringement of copyrights owned by or exclusively licensed to DashNet and its affiliated companies. I have personal knowledge of the facts contained herein and, if called upon to do so, I could and would testify competently thereto.

2.  I am authorized to act on DashNet's behalf. I submit this declaration in support of DashNet's request for issuance of a subpoena to Github, Inc. ("Github"), pursuant to the Digital

1

**REQUEST FOR 512(H) SUBPOENA**

Millennium Copyright Act ("**DMCA**"), 17 U.S.C. § 512(h). The purpose of DashNet's proposed subpoena ("**DMCA Subpoena**") is to identify the alleged infringer or infringers who posted interactive images, artwork, creative works and works of performing arts embodied in a video game called "*Cookie Clicker*" on systems operated by Github without authorization from DashNet. These postings infringe copyrights held by DashNet.

3. On May 16, 2025, my firm submitted on behalf of DashNet numerous DMCA notifications through online DMCA notification form to Fastly, Inc., a cloud-based cache and content delivery intermediary ("**Fastly**"), identifying the infringing content and providing the information required by 17 U.S.C. § 512(c)(3)(A). Attached hereto as Exhibit 1 is a true and correct copy of the information my firm submitted through Fastly's online form and otherwise.

4. On August 5, 2025, Dashnet had a duly issued DMCA Subpoena issued for Fastly, which was subsequently served. Shortly after, counsel for Fastly responded stating they are an intermediary service, identifying Github as the host of all content. Attached hereto as Exhibit 2 is a true and correct copy of the correspondence from Fastly Assistant General Counsel.

5. The purpose for which DashNet's DMCA Subpoena is sought is to obtain the identity of an alleged infringer or infringers, and such information will be used only for the purpose of protecting DashNet' rights under 17 U.S.C. §§ 106 et seq.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 31, 2025, at Los Angeles, California.

By: /s/*Sean M. Ulrich*
Sean M. Ulrich

# EXHIBIT 1

   Sean Ulrich <sean@mgllaw.com>

# Fwd: Your request 00407027 has been received, by our Content Response team.

**Erin O'Connor** <erin@mgllaw.com>                                    Tue, Jul 22, 2025 at 11:47 AM
To: Sean Ulrich <sean@mgllaw.com>

> COOKIECLICKER.ME DMCA to Fastly Inc
> ---------- Forwarded message ---------
> From: **Erin O'Connor** <enforcement_web@mgllaw.com>
> Date: Fri, Jun 27, 2025 at 4:51 PM
> Subject: Re: Your request 00407027 has been received, by our Content Response team.
> To: <contentresponse@fastly.com>
>
>
> Hello,
>
> We are following up on our demands dated May 16th. We have yet to receive a substantial response or resolution in the matter. We look forward to your response and compliance.
>
> MGL LLP
>
> On Fri, May 16, 2025 at 4:19 PM 'Fastly Compliance' via enforcement_brand@mgllaw.com <enforcement_brand@mgllaw.com> wrote:
>> Your request (00407027) has been received, and is being reviewed by our Content Response team.
>>
>> To add additional comments please respond to this email.
>>
>> ~~~~~~~~~~~~~~~~~~~~~~~~
>>
>>
>> [image: image]
>> Re: DashNet, B.V. - Demand to Cease and Desist Infringing Activities
>>
>> To Whom It May Concern:
>>
>> This firm is counsel to DASHNET B.V. ("DashNet"). DashNet is the creator and owner of a number of online games, including but not limited to Cookie Clicker, as well as all entertainment services and products associated therewith (collectively, the "Games").
>>
>> DashNet has utilized the words "Cookie Clicker" in numerous variations in connection with the distribution of online Games and related goods and services since at least August 2013. DashNet has expended significant time, money, and effort advertising, promoting, distributing, and selling its Games to establish public recognition of and substantial goodwill in connection with the Cookie Clicker common law trademarks and its associated brand, as well as its copyrighted artistic works found here:
>>
>> -

https://mail.google.com/mail/u/0/?ik=68ee21f819&view=pt&search=a…msgid=msg-f:1838373967470941213&simpl=msg-f:1838373967470941213    Page 1 of 4

mgllaw.com Mail - Fwd: Your request 00407627 has been received, by our content Response team.

Case 3:25-mc-80343-JCS    Document 1-1    Filed 10/31/25    Page 5 of 17

7/25/25, 8:40 PM

https://orteil.dashnet.org/cookieclicker/ (the "Works").

As a result of these efforts, DashNet has established substantial consumer recognition of the Cookie Clicker common law trademarks both online and offline, as members of the public associate the Cookie Clicker common law trademarks with the goods and services promoted and sold thereunder and recognize the Cookie Clicker trademark and the quality and goodwill which it symbolizes.

It has come to our attention that there are URLs hosted by you that contain works that infringe upon our Client's Copyrighted and Trademarked Material. The infringing works which appear on the website cookieclicker.me, at the specific URLs identified in the list below, are copies of or are substantially similar to our Client's original Copyrighted Material and risk creating consumer confusion as to the source of the sponsorship thereof, and are hosted by the following:

Host Name: Fastly, Inc

IP: 172.67.179.170

Creation Date: 2022-06-04T06:36:00Z

Please refer to the following list of the URLs whereon the infringing works can be found:

-

cookieclicker.me

Therefore, we are writing to demand that you immediately cease the distribution, offer for sale, and sale of counterfeit and infringing products bearing the Cookie Clicker trademarks and copyrights, and any and all products being sold utilizing the Cookie Clicker copyrights or derivations thereof, and comply with the demands below in order to avoid further legal action by DashNet as your actions constitute trademark counterfeiting, trademark infringement, trademark dilution, and copyright infringement of the Neal.Fun intellectual property rights, among other claims, in violation of both federal and state laws.

In order to avoid further action, you must provide us with written assurance of your compliance to the following:

1.

A written representation that all infringing materials that utilize or trade upon the Cookie Clicker trademarks, including all the infringing products, have been disabled, withdrawn, or otherwise deleted from all

mgllaw.com Mail - Fwd: Your request 00407627 has been received, by our Content Response team.

Case 3:25-mc-80343-JCS    Document 1-1    Filed 10/31/25    Page 6 of 17    7/25/25, 8:40 PM

online platforms;
2.

A written representation that all infringing use of the Cookie Clicker trademarks and copyrights, and any materials similar thereto, have been removed from all social media accounts, and/or other online forums owned, controlled, or operated by you, including but not limited to Twitter, Instagram, Tiktok, and YouTube;
3.

A full accounting of all sales and profits earned from the unlawful exploitation and distribution of the infringing products, as well as current inventory in your possession.
4.

A written assurance of a full forfeiture of all inventory of the infringing products still in your possession, domestic and international, matching that of the full accounting, to be destroyed by our client.
5.

A written assurance of the abandonment of all infringing domains still in your possession, whether generic top-level domains or otherwise.

While our client prefers an amicable resolution to this controversy, DashNet cannot allow the intentional infringement and counterfeiting of the Cookie Clicker trademarks and copyrights and demands that the above-described actions be taken promptly. Should you fail to timely and precisely comply with the demands above, DashNet will be left with no alternative but to consider the pursuit of further legal action to protect its valuable intellectual property. Damages for your illicit activities can include, without limitation, up to $2,000,000 in statutory damages per willful counterfeit, which we believe this clearly is, disgorgement of gross receipts from exploitation of the infringing products, and any other goods bearing our client's common law trademarks, our client's attorney' fees and costs, and a permanent injunction against your further infringement. All this liability extends to any other persons and/or entities with whom you acted in concert to engage in your infringing acts. See 15 U.S.C. § 1117. et seq. Additionally, these can also include, without limitation, up to $150,000 in statutory copyright damages per intentional infringement, which we believe this clearly is, actual damages from exploitation of the infringing products, and any other goods bearing our client's common law trademarks, profits you have made attributable to the infringement, our client's attorney' fees and costs, and a permanent injunction against your further infringement. See 17 U.S.C. § 504-505. et seq. Please be advised you have already consented to jurisdiction via your counter notice.

Please provide written assurance of your intention to comply with these demands by no later than seven (7) calendar days from the service of this correspondence as this matter requires immediate attention. You are also reminded of your legal obligation to preserve, pursuant to this notice, all sales and marketing records in any form within your custody, possession or

mgllaw.com Mail - Fwd: Your request 00707627 has been received by our Content Response team.

Case 3:25-mc-80343-JCS    Document 1-1    Filed 10/31/25    Page 7 of 17

7/25/25, 8:40 PM

control related to all such activities. This correspondence is not intended
to be a complete recitation of all applicable facts and circumstances
related to this matter nor of all of our client's actual or potential
rights, remedies, claims, entitlements, causes of action and/or damages,
all of which are expressly reserved. To avoid redundancy, please consider
the preceding sentence included by this reference in all future
correspondence from this office regarding this matter.

We await a response from you or your counsel confirming receipt of this
letter and your understanding of the demands contained herein.

Sincerely,

Ryan Morrison
[image: image]


MGL LLP

5777 W. Century Blvd. Suite 1125, Los Angeles, CA 90045

--
You received this message because you are subscribed to the Google Groups "enforcement_brand@mgllaw.com" group.
To unsubscribe from this group and stop receiving emails from it, send an email to enforcement_brand+unsubscribe@mgllaw.com.
To view this discussion visit https://groups.google.com/a/mgllaw.com/d/msgid/enforcement_brand/pHhAC000000000000000000000000000000000000SWDF4N00BTqwAUPsR3qrLQFDo0vDVg%40sfdc.net.


--
**Erin OConnor**
**Director of Brand Protection**
T: 424-333-9570 EXT: 402
**MGL LLP**
5777 W. Century Blvd. Ste 1125, Los Angeles, CA 90045



www.mgllaw.com

*\*\*As of December 19th, our name officially changed from Morrison Cooper LLP to MGL LLP. If you have any questions, please contact "admin@mgllaw.com" or call us at 424-333-9570.*

CONFIDENTIALITY NOTICE:  This communication (including any related attachments) may contain confidential and/or privileged material.  Any unauthorized disclosure or use is prohibited.  If you received  this communication in error, please contact the sender immediately, and permanently delete the communication (including any related attachments) and permanently destroy any copies.

mgllaw.com Mail - Fwd: Your request 00407028 has been received, by our Content Response team.

Case 3:25-mc-80343-JCS    Document 1-1    Filed 10/31/25    Page 8 of 17    7/25/25, 8:42 PM



Sean Ulrich <sean@mgllaw.com>

# Fwd: Your request 00407028 has been received, by our Content Response team.

**Erin O'Connor** <erin@mgllaw.com>  Tue, Jul 22, 2025 at 11:47 AM
To: Sean Ulrich <sean@mgllaw.com>

COOKIECLICKER.APP DMCA to Fastly Inc

---------- Forwarded message ---------
From: **Erin O'Connor** <enforcement_web@mgllaw.com>
Date: Fri, Jun 27, 2025 at 4:52 PM
Subject: Re: Your request 00407028 has been received, by our Content Response team.
To: <contentresponse@fastly.com>


Hello,

We are following up on our demands dated May 16th. We have yet to receive a substantial response or resolution in the matter. We look forward to your response and compliance.

MGL LLP

On Fri, May 16, 2025 at 4:20 PM 'Fastly Compliance' via enforcement_brand@mgllaw.com <enforcement_brand@mgllaw.com> wrote:

> Your request (00407028) has been received, and is being reviewed by our Content Response team.
>
> To add additional comments please respond to this email.
>
> ~~~~~~~~~~~~~~~~~~~~~~~~
>
>
> [image: image]
> Re: DashNet, B.V. - Demand to Cease and Desist Infringing Activities
>
> To Whom It May Concern:
>
> This firm is counsel to DASHNET B.V. ("DashNet"). DashNet is the creator
> and owner of a number of online games, including but not limited to Cookie
> Clicker, as well as all entertainment services and products associated
> therewith (collectively, the "Games").
>
> DashNet has utilized the words "Cookie Clicker" in numerous variations in
> connection with the distribution of online Games and related goods and
> services since at least August 2013. DashNet has expended significant time,
> money, and effort advertising, promoting, distributing, and selling its
> Games to establish public recognition of and substantial goodwill in
> connection with the Cookie Clicker common law trademarks and its associated
> brand, as well as its copyrighted artistic works found here:

mgllaw.com Mail - Fwd: Your request-00707628 has been received, by our Content Response team.

Case 3:25-mc-80343-JCS     Document 1-1     Filed 10/31/25     Page 9 of 17

7/25/25, 8:42 PM

- 

https://orteil.dashnet.org/cookieclicker/ (the "Works").

As a result of these efforts, DashNet has established substantial consumer recognition of the Cookie Clicker common law trademarks both online and offline, as members of the public associate the Cookie Clicker common law trademarks with the goods and services promoted and sold thereunder and recognize the Cookie Clicker trademark and the quality and goodwill which it symbolizes.

It has come to our attention that there are URLs hosted by you that contain works that infringe upon our Client's Copyrighted and Trademarked Material. The infringing works which appear on the website cookieclicker.app, at the specific URLs identified in the list below, are copies of or are substantially similar to our Client's original Copyrighted Material and risk creating consumer confusion as to the source of the sponsorship thereof, and are hosted by the following:

Host Name: Fastly, Inc

IP: 104.21.80.1

Creation Date: 2022-06-04T06:35:55.926Z

Please refer to the following list of the URLs whereon the infringing works can be found:

- 

cookieclicker.app

Therefore, we are writing to demand that you immediately cease the distribution, offer for sale, and sale of counterfeit and infringing products bearing the Cookie Clicker trademarks and copyrights, and any and all products being sold utilizing the Cookie Clicker copyrights or derivations thereof, and comply with the demands below in order to avoid further legal action by DashNet as your actions constitute trademark counterfeiting, trademark infringement, trademark dilution, and copyright infringement of the Neal.Fun intellectual property rights, among other claims, in violation of both federal and state laws.

In order to avoid further action, you must provide us with written assurance of your compliance to the following:

1.

A written representation that all infringing materials that utilize or trade upon the Cookie Clicker trademarks, including all the infringing

mgllaw.com Mail - Fwd: Your request 00407028 has been received by our Content Response team.
Case 3:25-mc-80343-JCS    Document 1-1    Filed 10/31/25    Page 10 of 17
7/25/25, 8:42 PM

products, have been disabled, withdrawn, or otherwise deleted from all online platforms;

2.

A written representation that all infringing use of the Cookie Clicker trademarks and copyrights, and any materials similar thereto, have been removed from all social media accounts, and/or other online forums owned, controlled, or operated by you, including but not limited to Twitter, Instagram, Tiktok, and YouTube;

3.

A full accounting of all sales and profits earned from the unlawful exploitation and distribution of the infringing products, as well as current inventory in your possession.

4.

A written assurance of a full forfeiture of all inventory of the infringing products still in your possession, domestic and international, matching that of the full accounting, to be destroyed by our client.

5.

A written assurance of the abandonment of all infringing domains still in your possession, whether generic top-level domains or otherwise.

While our client prefers an amicable resolution to this controversy, DashNet cannot allow the intentional infringement and counterfeiting of the Cookie Clicker trademarks and copyrights and demands that the above-described actions be taken promptly. Should you fail to timely and precisely comply with the demands above, DashNet will be left with no alternative but to consider the pursuit of further legal action to protect its valuable intellectual property. Damages for your illicit activities can include, without limitation, up to $2,000,000 in statutory damages per willful counterfeit, which we believe this clearly is, disgorgement of gross receipts from exploitation of the infringing products, and any other goods bearing our client's common law trademarks, our client's attorney' fees and costs, and a permanent injunction against your further infringement. All this liability extends to any other persons and/or entities with whom you acted in concert to engage in your infringing acts. See 15 U.S.C. § 1117. et seq. Additionally, these can also include, without limitation, up to $150,000 in statutory copyright damages per intentional infringement, which we believe this clearly is, actual damages from exploitation of the infringing products, and any other goods bearing our client's common law trademarks, profits you have made attributable to the infringement, our client's attorney' fees and costs, and a permanent injunction against your further infringement. See 17 U.S.C. § 504-505. et seq. Please be advised you have already consented to jurisdiction via your counter notice.

Please provide written assurance of your intention to comply with these demands by no later than seven (7) calendar days from the service of this correspondence as this matter requires immediate attention. You are also reminded of your legal obligation to preserve, pursuant to this notice, all

mgllaw.com Mail - Fwd: Your request 00407028 has been received, by our Content Response team.

Case 3:25-mc-80343-JCS    Document 1-1    Filed 10/31/25    Page 11 of 17

7/25/25, 8:42 PM

> sales and marketing records in any form within your custody, possession or
> control related to all such activities. This correspondence is not intended
> to be a complete recitation of all applicable facts and circumstances
> related to this matter nor of all of our client's actual or potential
> rights, remedies, claims, entitlements, causes of action and/or damages,
> all of which are expressly reserved. To avoid redundancy, please consider
> the preceding sentence included by this reference in all future
> correspondence from this office regarding this matter.
>
> We await a response from you or your counsel confirming receipt of this
> letter and your understanding of the demands contained herein.
>
> Sincerely,
>
> Ryan Morrison
> [image: image]
>
>
> MGL LLP
>
> 5777 W. Century Blvd. Suite 1125, Los Angeles, CA 90045
>
> --
> You received this message because you are subscribed to the Google Groups "enforcement_brand@mgllaw.com"
> group.
> To unsubscribe from this group and stop receiving emails from it, send an email to
> enforcement_brand+unsubscribe@mgllaw.com.
> To view this discussion visit https://groups.google.com/a/mgllaw.com/d/msgid/enforcement_brand/
> SOg4J000000000000000000000000000000000000SWDF61006cBj6dhoQwae5qjFpF4QSg%40sfdc.
> net.

--

**Erin OConnor**
**Director of Brand Protection**
T: 424-333-9570 EXT: 402
**MGL LLP**
5777 W. Century Blvd. Ste 1125, Los Angeles, CA 90045



www.mgllaw.com

**\*\*As of December 19th, our name officially changed from Morrison Cooper LLP to MGL LLP. If you have any questions, please contact "admin@mgllaw.com" or call us at 424-333-9570.**

CONFIDENTIALITY NOTICE:  This communication (including any related attachments) may contain confidential and/or privileged material.  Any unauthorized disclosure or use is prohibited.  If you received  this communication in error, please contact the sender immediately, and permanently delete the communication (including any related attachments) and permanently destroy any copies.



Sean Ulrich <sean@mgllaw.com>

# Fwd: [RESPONSE REQUIRED] Notice of Claimed Infringement | DashNet B.V. - Fastly, Inc

**Erin O'Connor** <erin@mgllaw.com>  
To: Sean Ulrich <sean@mgllaw.com>

Tue, Jul 22, 2025 at 11:50 AM

COOKIECLICKER.EE DMCA Fastly Inc

---------- Forwarded message ---------  
From: **Web** <enforcement_web@mgllaw.com>  
Date: Fri, May 16, 2025 at 4:21 PM  
Subject: [RESPONSE REQUIRED] Notice of Claimed Infringement | DashNet B.V. - Fastly, Inc  
To: <abuse@fastly.com>  
Cc: <enforcement_web@mgllaw.com>



## Re: DashNet, B.V. - Demand to Cease and Desist Infringing Activities

To Whom It May Concern:

This firm is counsel to DASHNET B.V. ("DashNet"). DashNet is the creator and owner of a number of online games, including but not limited to Cookie Clicker, as well as all entertainment services and products associated therewith (collectively, the "Games").

DashNet has utilized the words "Cookie Clicker" in numerous variations in connection with the distribution of online Games and related goods and services since at least August 2013. DashNet has expended significant time, money, and effort advertising, promoting, distributing, and selling its Games to establish public recognition of and substantial goodwill in connection with the Cookie Clicker common law trademarks and its associated brand, as well as its copyrighted artistic works found here:

- https://orteil.dashnet.org/cookieclicker/ (the "Works").

  As a result of these efforts, DashNet has established substantial consumer recognition of the Cookie Clicker common law trademarks both online and offline, as members of the public associate the Cookie Clicker common law trademarks with the goods and services promoted and sold thereunder and recognize the Cookie Clicker trademark and the quality and goodwill which it symbolizes.

  It has come to our attention that there are URLs hosted by you that contain works that infringe upon our Client's Copyrighted and Trademarked Material. The infringing works which appear on the website cookieclicker.ee, at the specific URLs identified in the list below, are copies of or are substantially similar to our Client's original Copyrighted Material and risk creating consumer confusion as to the source of the sponsorship thereof, and are hosted by the following:

Host Name: Fastly, Inc

IP: 104.21.16.1

**Please refer to the following list of the URLs whereon the infringing works can be found:**

- cookieclicker.ee

  Therefore, we are writing to demand that you immediately cease the distribution, offer for sale, and sale of counterfeit and infringing products bearing the Cookie Clicker trademarks and copyrights, and any and all products being sold utilizing the Cookie Clicker copyrights or derivations thereof, and comply with the demands below in order to avoid further legal action by DashNet as your actions constitute trademark counterfeiting, trademark infringement, trademark dilution, and copyright infringement of the Neal.Fun intellectual property rights, among other claims, in violation of both federal and state laws.

  In order to avoid further action, you must provide us with written assurance of your compliance to the following:

1. A written representation that all infringing materials that utilize or trade upon the Cookie Clicker trademarks, including all the infringing products, have been disabled, withdrawn, or otherwise deleted from all online platforms;
2. A written representation that all infringing use of the Cookie Clicker trademarks and copyrights, and any materials similar thereto, have been removed from all social media accounts, and/or other online forums

owned, controlled, or operated by you, including but not limited to Twitter, Instagram, Tiktok, and YouTube;

3. A full accounting of all sales and profits earned from the unlawful exploitation and distribution of the infringing products, as well as current inventory in your possession.
4. A written assurance of a full forfeiture of all inventory of the infringing products still in your possession, domestic and international, matching that of the full accounting, to be destroyed by our client.
5. A written assurance of the abandonment of all infringing domains still in your possession, whether generic top-level domains or otherwise.

While our client prefers an amicable resolution to this controversy, DashNet cannot allow the intentional infringement and counterfeiting of the Cookie Clicker trademarks and copyrights and demands that the above-described actions be taken promptly. Should you fail to timely and precisely comply with the demands above, DashNet will be left with no alternative but to consider the pursuit of further legal action to protect its valuable intellectual property. Damages for your illicit activities can include, without limitation, up to $2,000,000 in statutory damages per willful counterfeit, which we believe this clearly is, disgorgement of gross receipts from exploitation of the infringing products, and any other goods bearing our client's common law trademarks, our client's attorney' fees and costs, and a permanent injunction against your further infringement. All this liability extends to any other persons and/or entities with whom you acted in concert to engage in your infringing acts.  See 15 U.S.C. § 1117. et seq.  Additionally, these can also include, without limitation, up to $150,000 in statutory copyright damages per intentional infringement, which we believe this clearly is, actual damages from exploitation of the infringing products, and any other goods bearing our client's common law trademarks, profits you have made attributable to the infringement, our client's attorney' fees and costs, and a permanent injunction against your further infringement. See 17 U.S.C. § 504-505. et seq.  Please be advised you have already consented to jurisdiction via your counter notice.

Please provide written assurance of your intention to comply with these demands by no later than seven (7) calendar days from the service of this correspondence as this matter requires immediate attention.  You are also reminded of your legal obligation to preserve, pursuant to this notice, all sales and marketing records in any form within your custody, possession or control related to all such activities. This correspondence is not intended to be a complete recitation of all applicable facts and circumstances related to this matter nor of all of our client's actual or potential rights, remedies, claims, entitlements, causes of action and/or damages, all of which are expressly reserved. To avoid redundancy, please consider the preceding

sentence included by this reference in all future correspondence from this office regarding this matter.

We await a response from you or your counsel confirming receipt of this letter and your understanding of the demands contained herein.

Sincerely,

Ryan Morrison



MGL LLP

5777 W. Century Blvd. Suite 1125, Los Angeles, CA 90045

--

You received this message because you are subscribed to the Google Groups "enforcement_brand@mgllaw.com" group.
To unsubscribe from this group and stop receiving emails from it, send an email to enforcement_brand+unsubscribe@mgllaw.com.
To view this discussion visit https://groups.google.com/a/mgllaw.com/d/msgid/enforcement_brand/CAHuv99qdWTvz8h45RnoR3kFBo18guw%2BqD3JMbU%3Dxw9yuDtZmsQ%40mail.gmail.com.

--

**Erin OConnor**
**Director of Brand Protection**
T: 424-333-9570 EXT: 402
**MGL LLP**
5777 W. Century Blvd. Ste 1125, Los Angeles, CA 90045

www.mgllaw.com

**\*\*As of December 19th, our name officially changed from Morrison Cooper LLP to MGL LLP. If you have any questions, please contact "admin@mgllaw.com" or call us at 424-333-9570.**

CONFIDENTIALITY NOTICE:  This communication (including any related attachments) may contain confidential and/or privileged material.  Any unauthorized disclosure or use is prohibited.  If you received  this communication in error, please contact the sender immediately, and permanently delete the communication (including any related attachments) and permanently destroy any copies.

# EXHIBIT 2

8/11/25, 4:55 PM  Fastly Mail - Re: Your request 00407028 has been received, by our Content Response team.

Case 3:25-mc-80343-JCS    Document 1-1    Filed 10/31/25    Page 17 of 17



Owen Kirshner <okirshner@fastly.com>

## Re: Your request 00407028 has been received, by our Content Response team.

**Owen Kirshner** <okirshner@fastly.com>  Thu, Jul 31, 2025 at 2:14 PM
To: Erin O'Connor <enforcement_web@mgllaw.com>
Cc: contentresponse@fastly.com

Hello,

We have received your request. The URL in your request is associated with our customer, GitHub, Inc., and the request should be directed to them at copyright@github.com or abuse@github.com.

Fastly primarily operates as an intermediary to cache and deliver content hosted by our customers and likely cannot alter or remove content on its own (even if it is delivered through one of our IP addresses). To permanently remove or alter content, the content provider (usually our customer) must remove the content from its origin servers or the servers of its hosting provider.

Similarly, we would likely not have any relevant account or end user data related to the URL provided. Requests for that information should be directed to GitHub.

We understand you are seeking the issuance of a subpoena for this matter. Assuming the information provided above meets your needs, please let us know what you need to withdraw the request.

We are available to discuss the above by phone if you have any further questions or there are any clarifications we can provide.

Thanks,
Owen

[Quoted text hidden]
--



**Owen Kirshner** | Assistant General Counsel
fastly.com | @fastly | LinkedIn
**Fastly Global HQ: 475 Brannan St. Ste 300, San Francisco, CA 94107, USA**